IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| OLD TRAPPER SMOKED PRODUCTS INC., | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 250001N (Control) |
| | ) | TC-MD 250002G |
| | ) | TC-MD 250003G |
| | ) | TC-MD 250005G |
| v. | ) | |
| | ) | |
| WASHINGTON COUNTY ASSESSOR, and DEPARTMENT OF REVENUE, State of Oregon, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | **DECISION OF DISMISSAL** |

This matter[1] came before the court on Defendant Department of Revenue's (the department) letter stating that Plaintiff failed to comply with the court's Order Granting Defendant's Motion to Compel (Order) entered on April 17, 2025. (Def Dept's Ltr, May 6, 2025; Def Dept's Resp to Mot for Ext of Time, May 15, 2025.) Plaintiff disputes the department's letter, alleging that it complied with the Order, and requests additional time to "finalize its production of documents." (Ptf's Resp, May 7, 2025.) Plaintiff modified its request to receive "reasonable time to confirm * * * the documents in the sharefile as of May 16, 2025." (Ptf's Mot to Strike at 3.) A hearing was held June 3, 2025, by remote means to allow the parties to explain their positions regarding the appropriate next step in this case. Michael Mangan, an Oregon attorney with the law firm of Vorys Sater Seymour and Pease LLP, argued on behalf of Plaintiff. Daniel Paul, Senior Assistant Attorney General, argued on behalf of the department.

---

[1] The four cases were initially assigned to two different magistrates. On the parties' request at the initial case management conference, the cases were related and assigned to a single magistrate. (Journal Entry, Feb 19, 2025.) The parties' motions and briefs in the four cases are identical and present common questions for resolution. On its own motion, the court hereby consolidates the cases and identifies TC-MD 250001N as the control case.

## I. PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff filed its Complaints for the 2024-25 tax year on December 31, 2024, for an industrial appeal involving 10 accounts of real and personal property. An initial case management conference was held on February 19, 2025, during which the parties agreed to file a status report by April 4, 2025, identifying any cases or accounts that may be dismissed and proposing mutually agreed mediation dates.

On April 4, 2025, the department filed its status report and its Motion to Dismiss or, Alternatively, Motion to Compel. The department wrote that Plaintiff had "neither responded to the requests nor provided any documents" responsive to the department's request for production (RFP) served February 7, 2025, and re-sent to Plaintiff by request on February 20, 2025. (Def Dept's Mot at 3, 8.) The department's RFP sought information and documents relevant to the 2024-25 value of the subject properties, particularly pertaining to changes that occurred between January 1, 2023, and January 1, 2024. (*See* Decl of Paul at Ex D, Apr 4, 2025.)

Plaintiff did not file its own status report or a response to the department's motion. On April 17, 2025, the court entered the Order, which granted the motion to compel and contained three components: (1) a 14-day deadline for Plaintiff to produce documents responsive to the department's February 7, 2025, RFP, (2) imposition of the Regular Division discovery rules, Tax Court Rules (TCR) 36 through 46, and (3) a warning that Plaintiff's failure to comply with the Order would result in sanctions, which may include exclusion of withheld information at trial or dismissal of the cases.

On May 6, 2025, the department filed a letter stating that Plaintiff failed to produce any documents or communicate with the department's representative by the May 1 deadline. On May 7, Plaintiff filed its Response to Letter, simultaneously alleging that Mangan's firm

uploaded responsive documents to the Department's request via a sharefile link on May 1, and asking for a 14-day extension "to confer with counsel for defendant and finalize its production of documents." (*See also* Mangan Decl in Supp of Resp to Ltr at ¶3; TC-MD 250002G.) Mangan explained he "was unable to attend to this matter" due to an "accidental injury" on March 8, and subsequent ongoing treatment through "early April." (*Id*. at ¶2.) Mangan received care for his injury on March 8, 11, 18, and 22, and on April 8. (*Id.*) He did not identify any appointments after April 8. (*See id.*) Mangan further asserts that he "verbally asked the Department for an additional 30 days on this matter and a related case (240003G)" and "[t]he additional time was granted" in 240003G.[2] (*Id.*) The department disputes both that Mangan requested additional time and that it was granted. (Decl of Paul at ¶2, May 15, 2025.)

On May 15, 2025, the department filed its Response to Plaintiff's Motion for Extension of Time, opposing the request because Plaintiff failed to comply with the court's Order. The department alleged that "the purported 'production' that [P]laintiff claims to have made consists entirely of documents from a previous case that the department explicitly excluded from its discovery requests." (Def Dept's Resp at 1.) The department reviewed the metadata and URL of the uploaded documents to confirm that they were identical to documents produced in a previous case. (*Id*. at 3.) Further, Plaintiff's upload "failed to provide any written response" to the department's RFP, indicating which documents correspond to which request. (*Id*.) The department alerted Mangan to those issues by email on May 9, and Mangan responded on May 12, "We do have recent documents uploaded to the server. We are working to determine why

/ / /

---

[2] Mangan's declaration cites to "240003G" and then "2400043G," the latter appearing to be a scrivener's error (adding a "4"), because no such case exists. Instead, the court understands him to be referring to the case cited in the prior sentence of his declaration, TC-MD 240003G.

you aren't able to see them." (Decl of Paul at ¶5-6, Exs D and E, May 15, 2025.) As of May 15, the department had not received any responsive documents. (*Id.* at ¶7.)

The night before and the morning of the June 3, 2025, hearing, Plaintiff filed a Motion to Strike and declarations from Mangan and his legal assistant—Veronica Lees—in support of the motion.[3] Plaintiff moved to strike the department's May 6 letter and its response to Plaintiff's Motion for Extension. (Ptf's Mot to Strike at 1.) Plaintiff asserted the basis for the motion as "the [d]epartment failed to detail its efforts to obtain the requested items and/or make good faith efforts to confer under TCR-MD Rule 9 B(1) and/or TCR 14, respectively." (*Id.*) Lees' declaration stated that she "created a sharefile for the discovery responses in this matter" and "the plaintiff's CFO, Eric Everson, uploaded documents to the sharefile" on the following dates: "April 27, 2023; 5/01/2023; 5/02/2023; 5/03/2023; 1/11/2024; 5/08/2025; 5/16/2025." (Decl of Veronica Lees in Supp of Mot to Strike at ¶1-2.) She further declared that Paul "has access to this sharefile." (*Id.* at ¶3.) Mangan alleged that he attempted to confer with Paul regarding discovery by email on May 7 and by phone on May 12. (Decl of Mangan in Supp of Mot to Strike at ¶2-4.)

At the hearing on June 3, 2025, Paul disputed the veracity of Mangan's declaration asserting that his firm uploaded documents on May 1. Paul noted that Lees' declaration, detailing the timing of uploads to the sharefile, contains no reference to an upload on May 1, 2025. Only two uploads occurred after the department served its RFP and the court entered its Order: one on May 8 and one on May 16.[4]

---

[3] On June 1, 2025, Plaintiff also filed a Motion to Reset Oral Arguments out of concern that Mangan's trial in the Regular Division on another matter that was continuing beyond its scheduled dates would likely continue into the morning of June 3, 2025. The Regular Division matter concluded on June 2, 2025, so no continuance of the hearing in these matters was needed.

[4] Those are also the only two uploads that occurred since these cases were filed. Presumably the uploads in

In his remarks at the June 3, 2025, hearing, Mangan characterized Lees' declaration as documenting the uploads from Plaintiff's CFO to the sharefile. Mangan contrasted this with his own declaration, which he described as focusing on the effort to provide the sharefile link to Paul. After allowing each counsel to be heard, the court asked Mangan to clarify what evidence Plaintiff had of its effort to comply with the Order on May 1, 2025. Mangan responded "I don't have that for the court." He went on to explain that it was his assistant's fault for either inputting an incorrect email address or that Paul "wasn't properly added [to the sharefile] on May 1."

## II. ANALYSIS

The first issue before the court is whether Plaintiff complied with the court's April 17, 2025, Order Granting Defendant's Motion to Compel or, if not, identified good cause for its noncompliance. A second issue is the appropriate sanction for noncompliance.

A.      *Whether Plaintiff Complied with the Order*

The department alleges that Plaintiff did not comply with the Order because Plaintiff did not produce any documents or otherwise respond to the department's RFP by the May 1, 2025, deadline. Mangan asserted that his firm uploaded documents via a sharefile for the department on Thursday, May 1, 2025, but offered no evidence to support that assertion. At the June 3, 2025, hearing, Mangan confirmed that he had no evidence to support that assertion. Indeed, Plaintiff was unable to offer any evidence that it responded to discovery requests between the department's service of the RFP on February 7, 2025, and the May 1 deadline. Lees' declaration indicates that May 8, 2025, was the first time Plaintiff produced any documents for discovery since the RFP and Order.

/ / /

2023 and 2024 were related to prior year appeals.

Mangan's assertion that Plaintiff produced discovery documents on May 1 is not credible; it is not supported by independent evidence and is undermined by Lees' declaration omitting any reference to May 1, 2025. The department disputes the assertion, maintaining it had received no responsive documents as of May 15.

Not only did Plaintiff fail to produce responsive documents by May 1, 2025, Plaintiff also failed to provide any communication related to discovery prior to that date. Mangan stated at the hearing that Plaintiff intends to rely on documents produced in a prior appeal, 230006R. (*See also* Ptf's Mot to Strike at 3 (stating Plaintiff has "no intention of offering any documents not produced by May 16, 2025 on its sharefiles at trial.")) Yet, Plaintiff did not communicate that intention before May 1 or otherwise make a response allowed under TCR 43 B.[5] It is unreasonable for Plaintiff to assume the department would know to look for documents in a sharefile location for Plaintiff's *prior* appeal (230006R) for discovery responsive to the department's RFP in this group of cases. The court finds Plaintiff failed to comply with the court's Order because Plaintiff failed to produce responsive documents or otherwise respond to the department's RFP by May 1, 2025.

B.    *Whether Plaintiff Identified Good Cause for Noncompliance*

Having found that Plaintiff failed to comply with the court's Order, the question becomes whether Plaintiff identified any good cause for its noncompliance. *See Spears v. Dept. of Rev.*, 20 OTR 229 (2010) (on review of magistrate's dismissal, applying "good cause" standard to counsel's failure to timely submit documents in magistrate case). Good cause might include serious medical problems that prevent counsel from addressing caseload requirements. *See id.* at

---

[5] TCR 43 B(2)(a) requires a responding party to "organize and label" its response "to correspond with the categories in the request[.]" The responding party may object to a specific request or state that a requested item is not in the party's possession or control and it was unable to obtain it with reasonable effort. TCR 43 B(2)(b), (d).

235. Here, Mangan argues that an accidental injury and his resulting treatment prevented his compliance with the Order. Yet, he identified no dates of injury and treatment between the April 17 Order date and the May 1 deadline, or after. Mangan's last treatment date was April 8, and he offers no explanation or evidence to demonstrate how the nature of his recovery prevented him from attending to this matter between April 8 and the May 1 deadline. If Mangan's injury prevented him from complying with the May 1 deadline, it is unclear why he did not request an extension of time before that date. *See Spears*, 20 OTR at 235 (admonishing those who appear in this court that "letters stating deadlines with dismissal consequences must be taken seriously" and noting that "a motion for leave to extend time frames coupled with detailed reasons should be submitted whenever possible.") Mangan's injury and treatment fails to explain why he did not comply with the court's Order or, at a minimum, request an extension to comply.

Plaintiff argues that its noncompliance with the Order should be excused by the department's failure to confer under TCR-MD 9. (*See generally* Ptf's Mot to Strike.[6]) TCR-MD 9 B(1) requires a party to make a written request for discoverable items *before* moving the court for an order to compel. The department complied with TCR-MD 9 B(1) by sending Plaintiff an RFP on February 7, 2025, and making additional written requests to Plaintiff between February 7 and March 21, 2025. (*See* Or Gtg Def's Mot to Compel at 1.) Plaintiff's argument that the department failed to confer *after* the court entered its Order and *after* Plaintiff missed the response deadline finds no support in the facts or the rule.

Similarly, Mangan's assertion—that on April 16, 2025, he asked for a 30-day extension for this matter concurrently with an extension he claims the department granted in an unrelated

---

[6] Plaintiff also cites TCR 14, which states that "[t]he court will deny any motion pursuant to TCR 36 through TCR 46 unless counsel for the moving party, before filing the motion, makes a good faith effort to confer with the other parties concerning the issues in dispute."

case—is unavailing. The department disputes the claimed extension. The court takes judicial notice that the other case, TC-MD 240003G, was closed by a Judgment of Stipulation on January 22, 2025, following a January 8, 2025, order denying Mangan's request to reset a trial scheduled for February 4 and 5, 2025. That case was closed well before Plaintiff's injury on March 8, 2025, so it is unclear how Plaintiff could have asked for an extension in a closed case or based on an injury that had not yet occurred. The court concludes Plaintiff did not have good cause for failing to comply with the court's Order.

C.      *Appropriate Sanction*

The court's Order stated that "failure to comply with [the] Order will result in sanctions, which may include exclusion of withheld information at trial or dismissal of the case." (Or Gtg Def's Mot to Compel at 2, *citing* TCR-MD 9, 21.) To consider the appropriate sanction for Plaintiff's failure to comply with the court's Order, the court looks to TCR 46 B, adopted by the Order. TCR 46 B(2) provides that, if a party "fails to obey an order to provide [] discovery, * * * the court may make such orders in regard to the failure as are just[.]" Under that rule's further subsections, the court is charged with tailoring a sanction—including dismissing the action—to address the noncompliance. *See* TCR 46 B(2)(a) – (2)(d). Interpreting the equivalent provision of Oregon Rules of Civil Procedure (ORCP) 46 B(2)(c), the Oregon Supreme Court held that a trial court imposing a sanction of dismissal must "explain why [the] sanction is 'just'[.]" *Pamplin v. Victoria*, 319 Or 429, 431, 877 P2d 1196 (1994). The court further explained "that a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required; and that a finding of prejudice to the party seeking discovery is not required." *Id.* With that obligation in mind, the court explains why dismissal is just in this case.

/ / /

1.     *Fault for noncompliance with the order*

Mangan's conduct in this case and explanations to the court demonstrate that he is at fault for noncompliance with the court's Order. He failed to submit a status report as agreed during the initial case management conference, failed to respond to the department's Motion to Compel, and failed to respond to or comply with the court's Order. His eventual response to the court—after the May 1 deadline had passed—lacked credibility, claiming without any support that his firm sent responsive documents to the department on May 1. Mangan also claimed that the department granted him an extension of time but offered no evidence to support that claim when the department disputed it. He claimed that an injury prevented him from attending to the case, but the dates of the injury and treatment do not explain why he failed to communicate after April 8, the last date of treatment. The court gave Mangan ample opportunity to explain Plaintiff's failure to comply with the Order, yet he was unable to offer any credible explanation. The court concludes that Mangan is at fault for Plaintiff's noncompliance.

2.     *Dismissal is appropriate because lesser sanctions are insufficient*

Although a severe sanction, the court regularly dismisses appeals where a taxpayer fails to comply with an order compelling discovery. This occurs most commonly following noncompliance with an order to allow a site inspection in property tax appeals. *See e.g., Salisbury v. Dept. of Rev.*, 24 OTR 497 (2021) (determining that magistrate's dismissal of appeal for failure to allow site inspection justified); *Bleoaja v. Dept. of Rev.*, 20 OTR 102 (2010) and *Poddar v. Dept. of* Rev., 328 Or 552, 983 P2d 527 (1999) (both upholding a dismissal where taxpayer refused an inspection necessary to determine the correctness of the assessor's valuation). The principle in those cases is that the taxing authority is entitled to discovery of information relevant to the property's value. Without the discovery, the requesting party cannot

adequately prepare its case, and the court cannot determine the correct valuation. *Salisbury*, 24 OTR at 511-512. Typically, no other sanctions will serve to alleviate the detriment suffered by the requesting party.

That predicament is mirrored here. Plaintiff's failure to provide the requested production impedes the department's ability to prepare a defense of its valuations. If the court were to impose a lesser sanction—perhaps the exclusion of the information Plaintiff withheld—and allow the case to proceed to trial, the detriment would be felt by the department, which must prepare for trial. Further, the court's own duty to determine the correct value based on the evidence presented would be hampered. *See* Oregon Revised Statute (ORS) 305.412 (2023). As such, that sanction is insufficient in this case where Plaintiff has produced *no* responsive discovery for the 2024-25 tax year and seeks, instead, to rely on documents produced in a prior year appeal.

Prior year evidence likely clears the low bar of having "some probative value" for the 2024-25 tax year such that it is not irrelevant. *See Mughal v. Dept. of Rev.*, TC 5458, 2024 WL 4341411 (Or Tax, Sept 27, 2024) (discussing a magistrate's discretion to consider evidence that has some probative value without adhering to the rules of evidence). Yet, the court questions the value of such evidence in a complex industrial appeal involving 10 accounts of real and personal property. The department's discovery sought documents pertaining to changes that occurred between January 1, 2023, and January 1, 2024, such as an accurate list of machinery and equipment as of January 1, 2024, accounting for any items idled, removed, or placed into service. (*See* Decl of Paul at Ex D, Apr 4, 2024.) Further, Plaintiff had the opportunity to present its prior year evidence in a prior year appeal, resulting in a stipulated agreement. To proceed to trial

/ / /

with no current year evidence to correctly determine the subject properties' 2024-25 tax year values is a waste of the parties' and the court's time.

Plaintiff failed to comply with the court's Order, producing no responsive documents, and now seeks to move these cases to trial on evidence submitted in a prior year appeal. Mangan is at fault for Plaintiff's failure to comply with the court's Order. A lesser sanction will not address Mangan's conduct, allow Defendant access to the information required to prepare a defense of the valuation, or allow the court to determine the correct values. The court therefore finds dismissal is appropriate.

## III. CONCLUSION

Upon careful consideration, the court finds that Plaintiff failed to comply with the court's Order Granting Defendant's Motion to Compel and failed to identify good cause for its failure to comply. Plaintiff's Motion to Strike and Motion for Extension are denied. Plaintiff's appeal is dismissed as a sanction for Plaintiff's noncompliance with the court's Order. Now, therefore,

IT IS THE DECISION OF THE COURT that Plaintiff's Motion to Strike and Motion for Extension are denied.

IT IS FURTHER DECIDED that Plaintiff's consolidated appeals are dismissed.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on October 24, 2025.*

DECISION OF DISMISSAL  TC-MD 250001N (Control)                                         11